UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| **Lawrence Johnson and Dorothy Johnson,** | ) | **COMPLAINT** |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Synchrony Bank f/k/a/ GE Capital Retail Bank,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by Plaintiffs, Lawrence and Dorothy Johnson, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

## PARTIES

3. Plaintiff, Lawrence Johnson, is a resident and citizen of the State of South Carolina, Aiken County, and is over the age of twenty-one (21) years.

4. Plaintiff, Dorothy Johnson, is a resident and citizen of the State of South Carolina, Aiken County, and is over the age of twenty-one (21) years.

5. Defendant Synchrony Bank f/k/a GE Capital Retail Bank is an entity whose corporate status is unknown to Plaintiffs at this time and who, upon information and belief, does not have a registered agent in South Carolina. Defendant Synchrony Bank f/k/a GE Capital Retail Bank may be served with process through its CEO, Margaret M. Keane, at its corporate headquarters, 170 W. Election Rd., Suite 125, Draper, UT 84020.

## FACTUAL ALLEGATIONS

6. Starting in August, 2013, Defendant began to make telephone calls to Plaintiffs' home and cellular phones in an attempt to collect an alleged debt. Defendant made several telephone calls per day to Plaintiffs in an attempt to collect an alleged debt and said telephone calls were made with the intent to harass, coerce or annoy Plaintiffs into paying an alleged debt.

7. Upon information and belief, Defendant made telephone calls from three (3) different telephone numbers to contact Plaintiffs in its attempts to harass Plaintiffs into paying an alleged debt.

8. From August of 2013 until September of 2013, Defendant carried out a systematic campaign of harassment against Plaintiffs by calling Plaintiffs more than two hundred ten (210) telephone times. Upon information and belief, every call made by Defendant to Plaintiffs was in an attempt to collect an alleged debt and was made with the intent

and purpose to harass, annoy and/or coerce the Plaintiffs into paying an alleged debt.

9. In August, 2013, Defendant made at least one hundred eighty six (186) telephone calls to Plaintiffs in an attempt to collect an alleged debt. Defendant made, on average, six (6) calls per day to Plaintiffs in an attempt to collect an alleged debt.

10. In September, 2013, Defendant made at least twenty four (24) telephone calls to Plaintiffs in an attempt to collect an alleged debt.

11. The relentless telephone calls made by Defendant to Plaintiffs in an attempt to collect an alleged debt were all made with the intent to harass, annoy or coerce Plaintiffs into paying an alleged debt. The communications invaded Plaintiffs' privacy by not allowing them a moment of peace in their own home. Plaintiffs were subjected to Defendant's constant harassment, evidencing a callous and complete indifference on the part of Defendant.

12. Upon information and belief, a number of calls placed to the Plaintiffs' cellular telephones by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

13. Defendant repeatedly called Plaintiffs on numbers that were assigned to a cellular telephone service. Additionally, Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

14. Plaintiffs did not expressly consent to Defendant's placement of telephone calls to their cellular telephones by the use of an automatic telephone dialing system pursuant

to 47 U.S.C. §227(b)(1)(A). Additionally, any alleged consent by Plaintiffs was expressly revoked by Plaintiffs when they instructed Defendant to stop calling their cellular telephones. Therefore, Defendant knew, or should have known, that they were calling Plaintiffs' cellular telephone numbers without express consent.

15. None of Defendant's telephone calls placed to Plaintiffs were for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I).

16. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT ONE
**(Violation of the Telephone Consumer Protection Act)**

17. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 16 as if set forth fully herein.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

19. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

## COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

20. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 19 as if set forth fully herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

22. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
### (Negligent Training and Supervision)

23. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 22 as if set forth fully herein.

24. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

25. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA and South Carolina law.

26. Defendant negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

27. As a result of the Defendant's negligence, the Plaintiffs suffered humiliation, loss of

sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
### (Reckless and Wanton Training and Supervision)

28. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 27 as if set forth fully herein.

29. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

30. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the TCPA and South Carolina law.

31. Defendant recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

32. As a result of the Defendant's recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Invasion of Privacy)

33. Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 32 as if set forth fully herein.

34. South Carolina state law recognizes the Plaintiffs' right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiffs.

35. Defendant intentionally intruded upon the Plaintiffs' right to privacy by continually harassing the Plaintiffs with telephone calls to collect an alleged debt.

36. The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency that they were outrageous, caused Plaintiffs serious mental suffering and invaded the Plaintiffs' privacy.

37. The conduct of the Defendant in engaging in the systematic campaign of harassment by repeatedly telephoning the Plaintiffs over 210 times in 2 months demonstrates Defendant's blatant and shocking disregard for Plaintiffs' rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions into Plaintiffs' privacy, the Plaintiffs are entitled to compensatory damages in an amount to be determined by a struck jury.

39. Additionally, as all of the acts undertaken and performed by the Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiffs are also entitled to punitive damages from the Defendant.

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against

Defendant for the following:

    A.    Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

    B.    Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

    C.    For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

    D.    For this matter to be heard by a jury; and

    E.    For such other and further relief as this Court deems necessary and proper.

    /s/ Penny Hays Cauley  
    Penny Hays Cauley, Fed ID No 10323  
    Attorney for Plaintiffs

**OF COUNSEL:**  
HAYS CAULEY, P.C.  
1303 West Evans Street  
Florence, SC 29501  
(843) 665-1717  
(843) 665-1718 Facsimile  
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

    /s/ Penny Hays Cauley  
    Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

(Via Restricted Delivery)
Synchrony Bank f/k/a GE Capital Retail Bank
c/o Margaret M. Keane - CEO,
170 W. Election Rd., Suite 125
Draper, UT 84020